Filed 5/7/14  Johnson v. Vallco Shopping Mall CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| KENNETH JOHNSON, | H038513 |
| Plaintiff and Appellant, | (Santa Clara County Super. Ct. No. 1-11-CV194784) |
| v. | |
| VALLCO SHOPPING MALL, LLC, et al., | |
| Defendant and Respondent. | |

Plaintiff Kenneth Johnson appeals from a judgment entered after the court granted summary judgment to Vallco Fashion Mall (Vallco) and its security company, defendant IPC International Corporation (IPC).  Plaintiff contends that he should be allowed to try his action for intentional and negligent infliction of emotional distress against IPC, even though he was not present when his son was injured by IPC security officers during an altercation at the mall.  We will affirm the judgment.

*Background*

In the evening of February 18, 2010, plaintiff's son, Desmond, went to Vallco with Kevin R. and his brother, Ronald R.  All were minors at that time.[1]  The R. brothers had been banned from the mall, so when they were spotted by IPC officer Shawn Johnson,

---

[1] Desmond is no longer a minor, having turned 18 in July 2012.

they were told to leave. As Officer Johnson escorted the three youths out of the mall, Ronald threatened Johnson and his family, and he lifted his right arm as if to throw a punch. The officer raised his arm to defend himself, and unintentionally hit Ronald with his walkie-talkie. A melee erupted, during which Johnson was repeatedly hit and kicked and briefly lost consciousness. At some point Desmond joined the attack on Johnson. He also attacked Paul Le, a former Vallco security guard who had followed the group as they were being escorted outside. Two other IPC security guards, Stas Plotnikov and Jason Robinson, responded to Johnson's radio calls for assistance. Plotnikov, who had seen Desmond hitting Le several times, grabbed Desmond and put him in a sleeper hold until Desmond passed out. When Johnson regained consciousness and got up, he restrained Desmond and told Plotnikov to tend to a head wound he had received in the attack.

The minors involved in the attack were arrested and taken to juvenile hall. There a nurse noted a "minor eye injury" to Desmond's right eye. Desmond was eventually found to have committed a felony during the incident.

Plaintiff initiated this action in propria persona on February 18, 2011, naming both Vallco and IPC as defendants.[2] IPC filed a demurrer,[3] the outcome of which is not in the appellate record. Subsequently, however, plaintiff filed an amended complaint against

---

[2] Plaintiff named both himself and Desmond as plaintiffs, but in a demurrer IPC pointed out that Desmond was not represented by counsel, nor did the complaint specifically name plaintiff as guardian ad litem.

[3] The document provided in the respondents' appendix is represented to be the original complaint, but it includes only an allegation of "Intentional Tort," whereas IPC's demurrer indicates that there were initially two causes of action, for "General Negligence" and "Intentional Tort." Either we have not been provided with a complete copy of the original complaint or plaintiff accurately represented the complaint to contain only three pages, with no indication that anything other than an intentional tort (of uncertain nature) was the subject of the action.

only IPC. That pleading contained one cause of action, for "Intentional and Negligent Infliction of emotional distress." Referring to the injury to Desmond, plaintiff alleged an intentional "vicious and excessive use of force used on the plaintiff [*sic*] . . . which could have easily resulted in his death." The complaint then added, "And because of the intentional infliction and negligent emoti[on]al distress caused by the defendant, the plaintiff is seeking compensatory damages [of] $645,405.00 and $1,000,000 in punitive dam[a]ges."

Although only IPC was named in the amended complaint, presumably the original complaint remained in effect as to Vallco; no party states otherwise. For some reason, however, Vallco as well as IPC answered the *amended* complaint, and both thereafter moved for summary judgment. As to intentional infliction of emotional distress, they argued that the claim was legally unsupportable because plaintiff had admitted that he was not present at the scene of the melee when his son was injured. The superior court found this undisputed fact dispositive and granted the motion. This appeal followed.[4]

*Discussion*

*1. Standard and Scope of Review*

In reviewing the superior court's ruling, we adhere to established principles of review. Our focus on appeal is directed at whether respondents established that plaintiff's claims of intentional and negligent infliction of emotional distress could not succeed as a matter of law. A defendant moving for summary judgment has the initial burden of showing that the action has no merit—that is, "that one or more elements of the cause of action, even if not separately pleaded, cannot be established, or that there is a complete defense to that cause of action." (Code Civ. Proc., § 437c, subds. (a), (p)(2).) If the

---

[4] Plaintiff filed two premature notices of appeal following the court's preliminary ruling. On our own motion, however, we construed plaintiff's notice of appeal as having been filed as of September 4, 2012, the date of entry of judgment.

3

moving defendant makes that showing, the burden then shifts to the plaintiff to make a prima facie showing that there exists a triable issue of material fact. (*Aguilar v. Atlantic Richfield Co.* (2001) 25 Cal.4th 826, 850.) "The plaintiff . . . may not rely upon the mere allegations or denials of its pleadings to show that a triable issue of material fact exists, but, instead, shall set forth the specific facts showing that a triable issue of material fact exists as to that cause of action . . . ." (Code Civ. Proc., § 437c, subd. (p)(2).) On appeal, we independently review the record to "determine with respect to each cause of action whether the defendant seeking summary judgment has conclusively negated a necessary element of the plaintiff's case, or has demonstrated that under no hypothesis is there a material issue of fact that requires the process of trial, such that the defendant is entitled to judgment as a matter of law." (*Guz v. Bechtel National, Inc.* (2000) 24 Cal.4th 317, 334; *Daly v. Yessne* (2005) 131 Cal.App.4th 52, 58.)

*2. Intentional Infliction of Emotional Distress*

Both the original complaint (which included Vallco as a defendant) and the amended complaint (against IPC) appear to assert only one cause of action, for "Intentional Tort," notwithstanding the misplaced designation of the amended action as one for "Intentional and Negligent Infliction of emotional distress." Liability for intentional infliction of emotional distress, the apparent gravamen of plaintiff's pleadings, requires "(1) extreme and outrageous conduct by the defendant; (2) extreme or severe emotional distress to the plaintiff; and (3) actual and proximate causation between the two." (*Spinks v. Equity Residential Briarwood Apartments* (2009) 171 Cal.App.4th 1004, 1045.)

Plaintiff's allegation that the IPC guards' conduct was "outrageous" was not sufficient. For intentional infliction of emotional distress, "[i]t is not enough that the conduct be intentional and outrageous. It must be conduct directed at the plaintiff, or occur in the presence of a plaintiff of whom the defendant is aware." (*Christensen v. Superior Court* (1991) 54 Cal.3d 868, 903 (*Christensen*); *Potter v. Firestone Tire &*

4

*Rubber Co.* (1993) 6 Cal.4th 965, 1002.)  In other words, " 'The law limits claims of intentional infliction of emotional distress to egregious conduct toward *plaintiff* proximately caused by defendant.' [Citation.]  The only exception to this rule is that recognized when the defendant is aware, but acts with reckless disregard, of the plaintiff and the probability that his or her conduct will cause severe emotional distress to that plaintiff. [Citations.]"  (*Christensen, supra,* 54 Cal.3d at pp. 905-906.)  Here, as in *Christensen*, plaintiff has "not alleged that the conduct of any of the defendants was directed primarily at [him], was calculated to cause [him] severe emotional distress, or was done with knowledge of [his] presence and of a substantial certainty that [he] would suffer severe emotional injury."  (*Id.* at p. 906.)

Plaintiff acknowledges that the absence of these elements precludes his recovery, but he urges this court to disregard the *Christensen* rule as "unworkable."  Even if we were inclined to do so, we are bound by stare decisis and the holdings of our high court.  (*Auto Equity Sales, Inc. v. Superior Court* (1962) 57 Cal.2d 450.)  Accordingly, the superior court properly rejected plaintiff's theory of liability for intentional infliction of emotional distress.

*3. Negligent Infliction of Emotional Distress*

As respondents pointed out in their moving papers, there is no allegation of negligence in plaintiff's amended complaint (nor, evidently, in the original complaint that included Vallco).  Although he called his cause of action "Intentional and Negligent Infliction of emotional distress," the attachment to the amended complaint asserts only one cause of action, "Intentional Tort."  The facts alleged within that heading describe intentional conduct toward Desmond, not plaintiff, and nothing involving negligence is alleged until the final sentence:  "And because of the intentional infliction and negligent emoti[on]al distress caused by the defendant, the plaintiff is seeking compensatory damages [of] $645,405.00 and $1,000,000 in punitive damages."

5

Because the pleadings define the issues in a summary judgment proceeding, the opposition may not be predicated on allegations that are not pleaded in the operative complaint. (*Oakland Raiders v. National Football League* (2005) 131 Cal.App.4th 621, 648; see *Distefano v. Forester* (2001) 85 Cal.App.4th 1249, 1264-1265 ["If the opposing party's evidence would show some factual assertion, legal theory, defense or claim not yet pleaded, that party should seek leave to amend the pleadings before the hearing on the summary judgment motion"].) Accordingly, as plaintiff's amended complaint did not contain a negligence claim against IPC -- nor, according to the record, against either defendant in the original complaint -- summary adjudication was not necessary on a theory of negligent infliction of emotional distress.

But even if we were to construe the amended pleading extremely liberally to include a theory of negligence, it cannot succeed. It is settled that " '[t]he *negligent* causing of emotional distress is not an independent tort, but the tort of *negligence*. [Citation.] The traditional elements of duty, breach of duty, causation, and damages apply.' " (*Burgess v. Superior Court* (1992) 2 Cal.4th 1064, 1072.) "The lesson of these decisions is: unless the defendant has assumed a duty to plaintiff in which the emotional condition of the plaintiff is an object, recovery is available only if the emotional distress arises out of the defendant's breach of *some other legal duty* and the emotional distress is proximately caused by that breach of duty." (*Potter v. Firestone Tire & Rubber Co., supra,* 6 Cal.4th at pp. 984-985 [italics added]; *Burgess v. Superior Court, supra,* 2 Cal.4th at p. 1072; *Spinks v. Equity Residential Briarwood Apartments, supra,* 171 Cal.App.4th at pp. 1044-1045.)

Plaintiff pleaded no facts suggesting the elements of negligence -- a duty of care owed to the plaintiff, a breach of that duty, causation, and damages. (Cf. *Huggins v. Longs Drug Stores California, Inc.* (1993) 6 Cal.4th 124; *Behr v. Redmond* (2011) 193 Cal.App.4th 517, 532.) More specifically, as plaintiff was not present at the scene of Desmond's injury, respondents established that plaintiff would not be able to prove a duty

6

owed to him on either a bystander theory or a direct victim theory.  (See *Burgess v. Superior Court, supra,* 2 Cal.4th at pp. 1072-1074.)  Plaintiff offered no facts to the contrary; indeed, he readily admitted that the allegedly tortious conduct was directed at Desmond, not him, and that he did not witness it.  Accordingly, to the extent that a theory of negligent infliction of emotional distress was actually pleaded, it was properly adjudicated in IPC's favor.

*Disposition*

The judgment is affirmed.


_____

ELIA, Acting P. J.


WE CONCUR:




_____

MIHARA, J.




_____

GROVER, J.




7